ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
JAMIE K. COMBS, ESQ.
Nevada Bar No. 13088
**Akerman LLP**
1160 Town Center Drive, Suite 330
Las Vegas, NV 89144
Telephone: (702) 634-5000
Facsimile: (702) 380-8572
Email: ariel.stern@akerman.com
Email: jamie.combs@akerman.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DITECH FINANCIAL LLC f/k/a GREEN TREE SERVICING LLC,<br><br>Plaintiff,<br><br>vs.<br><br>DORADO HOMEOWNERS ASSOCIATION; LAS VEGAS DEVELOPMENT GROUP, LLC; THUNDER PROPERTIES, INC.; and NEVADA ASSOCIATION SERVICES, INC.,<br><br>Defendants. | Case No. 3:16-cv-00351-MMD-VPC<br><br>**JOINT STATUS REPORT AND STIPULATION FOR PARTIAL STAY PENDING MOTION FOR SUMMARY JUDGMENT AND ORDER** |

Plaintiff Ditech Financial LLC f/k/a Green Tree Servicing LLC (**Ditech**), and Defendants Dorado Homeowners Association (**Dorado**), Las Vegas Development Group, LLC (**LVDG**), and Thunder Properties, Inc. (**Thunder**) (collectively, the **parties**)[1] by and through their respective counsel of record, report to the court and stipulate as follows:

---

[1] The clerk entered a default against defendant Nevada Association Servicers, Inc. on February 23, 2017. (ECF. No. 22).

1

**A. Joint Status Report**

1. This lawsuit involves quiet title/declaratory relief and other claims related to a non-judicial homeowner's association foreclosure sale conducted pursuant to NRS 116.

2. On April 5, 2017, the parties filed a joint stipulation and proposed order to stay the proceedings pending final resolution of all *Bourne Valley* and/or *Saticoy Bay* proceedings before the United States Supreme Court. (ECF No. 29).

3. On April 10, the Court granted the stipulation and entered the proposed order. The parties were directed to "submit a joint status report and renewed discovery plan and scheduling order for the Court's approval" within forty five (45) days of final resolution of all *Bourne Valley* and/or *Saticoy Bay* proceedings before the United States Supreme Court. (Dkt. No. 30).

4. On June 26, 2017, the United States Supreme Court denied Bourne Valley Trust's petition for certiorari.

5. No petition for writ of certiorari was ever filed in *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortgage, a Div. of Wells Fargo Bank*, N.A.

6. The parties have met and conferred on the remaining case deadlines and stipulate to the new deadlines set forth below.

**B. Stipulated Stay of Discovery deadlines Pending Motion for Summary Judgment**

7. Ditech intends to file a motion for summary judgment regarding the application of the Bourne Valley decision by **August 21, 2017**.

…
…
…
…
…
…
…
…
…

8. Ditech's summary judgment motion will raise purely legal issues concerning the application of *Bourne Valley* that it asserts can be resolved without discovery. LVDG and Thunder believe that discovery will ultimately be required, including discovery regarding the notices that were provided to Ditech and/or its predecessor-in-interest. As a result, LVDG and Thunder believe that the proposed motion for summary judgment is premature. With that said, the resolution of the proposed motion could conceivably affect and provide guidance on the extent of necessary discovery, if any, on all issues. If it is granted, it may result in resolution of the entire case although LVDG and Thunder assert that such a result would be erroneous as a matter of law at this stage.

9. Federal district courts have "wide discretion in controlling discovery." *Little v. City of Seattle,* 863 F.2d 681,685 (9th Cir. 1988).

10. To determine if a stay is appropriate, the court considers (**1**) damage from the stay; (**2**) hardship or inequity that befalls one party more than the other; and (**3**) the orderly course of justice. *See Dependable Highway Exp., Inc. v. Navigators Ins. Co*., 498 F.3d 1059, 1066 (9th Cir. 2007) (setting forth factors). Here, the factors support a stay of all proceedings except dispositive motions based on *Bourne Valley*.

11. The parties believe a stay is warranted because they will be able to avoid the cost and expense of written discovery and depositions on issues that may be irrelevant based on the *Bourne Valley* decision. Moreover, the court will be relieved of expending further time and effort considering any discovery-related motions or protective orders.

…
…
…
…
…
…
…
…
…

3

12. The parties agree there will be no significant hardship or inequity against either party, and it is appropriate for this Court to exercise its power to grant a stay of discovery at this time. A trial date has not yet been set and the outcome of BANA's proposed *Bourne Valley* partial motion for summary judgment has the potential to provide guidance on the extent of necessary discovery and conceivably result in possible resolution of the entire case

DATED; August 10, 2017

| **AKERMAN LLP** | **ROGER P. CROTEAU & ASSOCIATES, LTD** |
|---|---|
| /s/ *Jamie K. Combs, Esq.*<br>Ariel E. Stern, Esq.<br>Nevada Bar No. 8276<br>Jamie K Combs<br>Nevada Bar No. 13088<br>1160 Town Center Drive, Suite 330<br>Las Vegas, Nevada 89144<br><br>*Attorneys for Plaintiff Ditech Financial LLC* | /s/ *Timothy E. Rhoda, Esq.*<br>Roger P. Croteau, Esq.<br>Nevada Bar No. 4958<br>Timothy E. Rhoda, Esq.<br>Nevada Bar No.7878<br>9120 West Post Road, Suite 100<br>Las Vegas, Nevada 89148<br>702-254-7775 (phone)<br>702-228-7719 (fax)<br><br>*Attorneys for Las Vegas Development Group, LLC & Thunder Properties, Inc.* |
| **THORNDAL, ARMSTRONG, DELK, BALKENBUSH & EISINGER**<br><br>*/s/ Keith B. Gibson, Esq.*<br>Michael C. Hetey, Esq.<br>Nevada Bar No. 5668<br>Heather L. Trujillo, Esq.<br>Nevada Bar No. 12651<br>Keith B. Gibson, Esq.<br>Nevada Bar No. 10050<br>1100 E. Bridger Ave.<br>Las Vegas, NV 89101<br><br>*Attorneys for Dorado Homeowners' Association* | |

## ORDER

**IT IS SO ORDERED:**

_____
**UNITED STATES DISTRICT COURT JUDGE**

DATED: August 16, 2017

4