UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DITECH FINANCIAL LLC f\k\a GREEN TREE SERVICING LLC,<br><br>Plaintiff,<br><br>v.<br><br>LAS VEGAS DEVELOPMENT GROUP, LLC, *et al.*,<br><br>Defendants. | Case No. 3:16-cv-00351-MMD-CBC<br><br>ORDER |

**I.   SUMMARY**

This matter arises from a non-judicial foreclosure sale ("HOA Sale") of real property located at 10760 Serratina Drive, Reno, Nevada 89521 ("Property") to satisfy a homeowners' association lien. Before the Court is Plaintiff Ditech Financial LLC f\k\a Green Tree Servicing LLC's motion for partial summary judgment ("Motion"). (ECF No. 65.) The dispositive issue is whether Plaintiff's first deed of trust was protected from being extinguished by the HOA Sale due to 12 U.S.C. § 4617(j)(3) ("Federal Foreclosure Bar") acting to protect the Federal National Mortgage Association's ("Fannie Mae") property interest. Because the Court finds the Federal Foreclosure Bar applies here, the Court will grant Plaintiff's Motion.[1]

**II.  BACKGROUND**

The following facts are undisputed unless otherwise indicated.

In October 2006, George Florit and Betty Jo Mears ("Borrowers") obtained a loan ("Loan") from Bank of America, N.A. ("Lender") for $325,200. (ECF No. 65-2 at 3.) The

---

[1]The Court also reviewed Defendants Las Vegas Development Group, LLC, and Thunder Properties, Inc.'s response (ECF No. 74), and Plaintiff's reply (ECF No. 75). Defendant Nevada Association Services, Inc. did not submit a response.

Loan was secured by a deed of trust ("DOT") recorded against the Property. (*Id.* at 1-2.) The Property is part of a community administered by the Dorado Homeowners' Association (the "HOA"). (ECF Nos. 1 at 2, 65-6 at 2.)

Plaintiff has provided the affidavit of Fannie Mae's Assistant Vice President, Graham Babin, and Fannie Mae's business records accompanying Babin's declaration, evidencing that Fannie Mae purchased the Loan in July 2009, and thereby obtained the Lender's property interest in the DOT. (ECF No. 65-3 at 3-4, 7.) On June 3, 2013, Lender recorded an assignment of the DOT to Green Tree Servicing LLC. (ECF No. 65-5 at 2.)

The Borrowers failed to pay HOA assessments. The HOA, through its agent Nevada Association Services, Inc. ("NAS"), recorded a notice of delinquent assessment lien on January 28, 2011, and a notice of default and election to sell on March 23, 2011. (ECF Nos. 65-6, 65-7.) A foreclosure deed was recorded on June 28, 2013, providing that the Property was sold at the HOA Sale to Defendant Las Vegas Development Group, LLC ("LVDG") for $6,200 on June 20, 2013. (ECF No. 65-9.) A grant deed from LVDG to Thunder Properties Inc. ("Thunder") was recorded on July 22, 2015. (ECF No. 65-10.)

Fannie Mae maintained ownership of the Loan at the time of the HOA Sale. (ECF No. 65-3 at 3-4, 7.) Plaintiff, then known as Green Tree Servicing LLC, was Fannie Mae's loan servicer at that time, and is the current servicer of the Loan. (ECF Nos. 65-5, 65-3 at 3-4, 7.)

Plaintiff filed the Complaint on June 20, 2016, asserting the following five claims for relief: (1) declaratory judgment against Thunder based on the Federal Foreclosure Bar; (2) declaratory judgment against all defendants based on a due process argument; (3) quiet title against Thunder; (4) breach of NRS § 116.1113 against the HOA[2] and NAS; (5) wrongful foreclosure against the HOA and NAS; and (6) injunctive relief against Thunder. (ECF No. 1.)

///

---

[2]The HOA was dismissed from this case following a stipulation of dismissal between Plaintiff and the HOA. (ECF Nos. 68, 69.)

2

## III. LEGAL STANDARD

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *See Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252. Moreover, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *See Kaiser Cement Corp. v. Fischbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

## IV. DISCUSSION

### A. Judicial Notice

The Court grants Plaintiff's request for judicial notice (ECF No. 65 at 8-9) of the following: (1) facts derived from the publicly available records of the Washoe County

Recorder; (2) the Federal Housing Finance Agency's ("FHFA") statement ("FHFA Statement") available on the federal government's website regarding FHFA's policy not to consent to the extinguishment of property of the Enterprises—including Fannie Mae; and (3) the fact that Fannie Mae was placed under FHFA's conservatorship in 2008 per FHFA's website, and has been in conservatorship ever since. The Court also takes judicial notice of Fannie Mae's Single-Family Servicing Guide available on its website. (ECF No. 65 at 4 n.1.) *See Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004) (explaining that a court may take judicial notice of a government agency's records and other undisputed matters of public record under Fed. R. Evid. 201); *Eagle SPE NV 1, Inc. v. S. Highlands Dev. Corp.*, 36 F. Supp. 3d 981, 986 n.6 (D. Nev. 2014) (taking judicial notice of document on the Federal Deposit Insurance Corporation's website); *see also Berezovsky v. Moniz*, 869 F.3d 923, 932 n.9 (9th Cir. 2017) (taking judicial notice of Freddie Mac's servicing guide).

### B. Federal Foreclosure Bar

Plaintiff argues that its DOT was protected from extinguishment under the Federal Foreclosure Bar because Fannie Mae was under FHFA's conservatorship from 2008 and the FHFA did not consent to foreclosure, including the HOA Sale. (ECF No. 65 at 10-21.) The Court agrees.[3] This Court has found the Federal Foreclosure Bar protects Fannie Mae's property interests from extinguishment in numerous cases with materially indistinguishable facts. *See, e.g.*, *Nationstar Mortg. LLC v. East Trop 2073 Trust* ("*East Trop*"), Case No. 2:17-cv-01769-MMD-CWH, 2019 WL 469897 (D. Nev. Feb. 6, 2019); *1209 Village Walk Trust, LLC v. Broussard* ("*Broussard*"), Case No. 2:16-cv-01903-MMD-PAL, 2019 WL 452728 (D. Nev. Feb. 4, 2019); *U.S. Bank Home Mortgage v. Jensen*, Case No. 3:17-cv-00603-MMD-VPC, 2018 WL 3078753 (D. Nev. Jun. 20, 2018); *Springland Vill. Homeowners Ass'n v. Pearman*, Case No. 3:16-cv-00423-MMDWGC, 2018 WL 357853 (D. Nev. Jan. 10, 2018). The Court draws the same conclusion here, and finds that

---

[3]The Court therefore does not address Plaintiff's tender argument. (ECF No. 65 at 21-25.)

Plaintiff's DOT was not extinguished by the HOA Sale—and therefore continues to encumber the Property.

But the Court will briefly address several of Defendants' arguments. First, Defendants essentially argue that the HOA Sale was valid because it accorded with the requirements of Nevada's foreclosure statute, NRS § 116.3116, and thus contend that the HOA Sale presumptively extinguished the DOT. (ECF No. 74 at 7-9.) However, because the Federal Foreclosure Bar preempts the state foreclosure statute the fact of compliance with that statute does not overcome the applicability of the Federal Foreclosure Bar. *See, e.g., Berezovsky*, 869 F.3d at 930-31 ("As the two statutes impliedly conflict, the Federal Foreclosure Bar supersedes the Nevada superpriority lien provision."); *Saticoy Bay LLC Series 9641 Christine View v. Federal Nat'l Mortg. Ass'n,* 417 P.3d 363, 367-68 (Nev. 2018) (holding that the Federal Foreclosure Bar preempts NRS § 116.3116 because the Nevada statute directly conflicts "with Congress's clear and manifest goal to protect Fannie Mae's property interest while under the FHFA's conservatorship from threats arising from state foreclosure law"). Accordingly, any presumption of extinguishment under the state statute is invalid in this context.

Defendants also argue that the Federal Foreclosure Bar does not apply here because the DOT was *not recorded* as assigned to Fannie Mae. (ECF No. 74 at 12.) The Ninth Circuit has rejected Defendants' recording argument. *See Fed. Home Loan Mortg. Corp. v. SFR Invs. Pool 1, LLC*, 893 F.3d 1136, 1150 (9th Cir. 2018) (stating that the Housing and Economic Recovery Act, 12 U.S.C. § 4511 *et seq.* "does not require the Enterprises to have recorded their ownership of the liens in local recording documents for FHFA to have succeeded to those valid interests upon inception of conservatorship"); *see also East Trop*, 2019 WL 469897, at * 3 ("The applicability of the Federal Foreclosure Bar is based on Fannie Mae's unextinguished property interest—not on whether the HOA has notice . . . Fannie Mae's property interest is therefore enforceable even if the HOA had no notice of such interest where [Plaintiff], as servicer of the Loan, appears as the record beneficiary of the DOT."); *SFR Invs. Pool 1, LLC v. Green Tree Servicing, LLC*, 432 P.3d

718 (Table), 2018 WL 6721370, at * 2 (Nev. 2018) (finding the failure-to-record-interest argument relying on NRS § 106.210, as here (ECF No. 74 at 17-27), "proceeds from a flawed premise"). This Court has also concluded that "the Federal Foreclosure Bar preempts Nevada's bona fide purchaser statute." *Jensen*, 2018 WL 3078753, at * 5. Thus, the Court is unpersuaded by this argument.

Defendants further contend that Plaintiff fails to sufficiently prove that Fannie Mae owned the DOT because the evidence in that regard—Babin's affidavit and Fannie Mae's business records—is merely self-serving and there is no recorded evidence in support of such ownership. (ECF No. 74 at 12-15.) However, the evidence of Babin's declaration, Fannie Mae's business records and other documents, such as the FHFA's Statement and Fannie Mae's servicing guide, have repeatedly been found to be sufficient evidence establishing Fannie Mae's property interest for purposes of the Federal Foreclosure Bar. *See, e.g.*, *Berezovsky*, 869 F.3d at 932-33 & n.8 & n.9; *Williston Invs. Grp. v. JPMorgan Chase Bank, NA*, 736 F. App'x 168, 169 (9th Cir. 2018) (confirming that *Berezovsky* held that an Enterprise's business records and a supporting declaration are "sufficient" to show an Enterprise's property interest for purposes of summary judgment); *see also Broussard*, 2019 WL 452728, at *2 (granting summary judgment under the Federal Foreclosure Bar based on the same kind of evidence presented here). These cases, notably *Berezovsky*, also postdate the case from this District that Defendants rely on. (ECF No. 67 at 13-15 (relying on *Kielty v. Fed. Home Loan Mortg. Corp.*, Case No. 2:15-cv-00230-RCJ-GWF, 2016 WL 1030054, at *3 (D. Nev. Mar. 9, 2016).) The Court will therefore follow *Berezovsky* and the other cases mentioned above instead of *Kielty*.

Relatedly, Defendants argue that Fannie Mae held no enforceable property interest at the time of the HOA Sale. (ECF No. 67 at 15-17.) However, as indicated, Babin's affidavit and Fannie Mae's business records establish the contrary.

Defendants finally argue that even if Fannie Mae had a property interest at the time of the HOA Sale, that interest cannot be "asserted" against LVDG and Thunder as bona fide purchasers. (ECF No. 67 at 22-27.) This argument is essentially an amalgamation, or

extension, of Defendants' arguments which the Court has already addressed and found unavailing above.

In sum, the Federal Foreclosure Bar applies here, and the Court therefore grants Plaintiff's motion for summary judgment.

**V.    CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion.

It is therefore ordered that Plaintiff's motion for summary judgment (ECF No. 65) is granted. The Court declares that the HOA Sale did not extinguish the DOT, and therefore the DOT continues to encumber the Property.

It is further ordered that Plaintiff's other claims are dismissed as moot because Plaintiff has obtained the primary relief it sought in this case.

It is further ordered that the Clerk of Court enter judgment in Plaintiff's favor and close this case.

DATED THIS 3rd day of September 2019.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE